**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHARLIE V. TAN,
<u>Plaintiff-Appellant,</u>

v.                                                    No. 95-1366

MARVIN T. RUNYON, JR.,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
W. Curtis Sewell, Magistrate Judge.
(CA-94-610-A)

Argued: May 9, 1996

Decided: July 1, 1996

Before RUSSELL, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Herman McCoy Sawyer, Jr., Arlington, Virginia, for
Appellant. Lori Joan Dym, Appellate Division, UNITED STATES
POSTAL SERVICE, Washington, D.C., for Appellee. **ON BRIEF:**
Helen F. Fahey, United States Attorney, Paula Pugh Newett, Assistant
United States Attorney, Alexandria, Virginia; R. Andrew German,
Chief Counsel, Appellate Division, UNITED STATES POSTAL
SERVICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charlie Tan appeals the district court's dismissal of his case, with prejudice, against Marvin T. Runyon, Postmaster General, for the United States Postal Service (the "Postal Service"). Tan filed suit under the Rehabilitation Act of 1973, as amended , 29 U.S.C. §§ 701-797b, claiming that the Postal Service wrongly disqualified him from employment because of a mental disability, Tan's low I.Q.* After Tan presented his case at trial, the district court dismissed it with prejudice pursuant to Rule 52(c) of the Federal Rules of Civil Procedure on the grounds that the Postal Service's failure to know of Tan's disability abrogated Tan from establishing a prima facie case of discrimination based on disability. Tan contends that the district court's finding that the Postal Service was not on notice of his disability is clearly erroneous. We disagree with Tan's argument and affirm the district court's decision.

I.

Tan, a 27 year old, South Vietnamese immigrant living in the United States since 1979, attempted to take the Postal Service's written exam several times since 1987. In 1990 he passed the exam and was called to interview on February 11, 1993.

_____

*Tan also alleged that the Postmaster General had sexually discriminated against him in violation of Title VII of the Civil Rights Act of 1964, by failing to hire him. The district court dismissed this claim because Tan failed to present any evidence that any person, male or female, who falsified their employment application, was treated differently than the way in which Tan was treated. Tan does not appeal this finding.

As part of the interview process, Tan completed some application materials beforehand and submitted them upon his arrival at the interview. In addition to these preliminary forms, Tan received other forms at the interview. He completed the "Applicant Drug Testing Consent and Release," which instructed each applicant to "carefully read the following information before complet[ing] and sign[ing] th[e] form," and notified Tan that "participation in the drug screening test [wa]s mandatory to determine [an applicant's] qualifications and suitability for USPS employment." Tan signed the form, agreeing to provide the required urine sample.

Tan also received a "Drug Screening Personnel Notification Form." Boxes at the form's bottom were clearly marked:"to be completed by medical unit and returned to requesting official." Instead of the attending medical officer checking the appropriate box indicating whether or not Tan should be disqualified for providing a positive urine sample, Tan checked the box indicating he"was qualified for employment consideration" without having submitted a urine sample, and returned the form to the personnel office. Upon discovering the error in Tan's form, the personnel office promptly disqualified Tan from further consideration for employment and asked him to leave the premises. Tan's sister, who had accompanied Tan to the interview, tried to dissuade the Senior Personnel Specialist from disqualifying Tan from the interview process. She told the Senior Personnel Specialist that "[her brother] was a very slow learner, and he must have been confused, and his English was not great. . . ." The Senior Specialist was unconvinced; Tan had falsified his application.

Tan received a letter one week later, explaining why he had become ineligible for employment. The letter read:

> Postal employment procedures require that the employment process end upon a failure to appear as scheduled for urinalysis screening. In addition, when such failures occur, the applicant's eligibility is ended on all registers on which that applicant has achieved eligibility. You were advised in writing in advance of these requirements, and the consequences of a failure to report for the screening. You chose to not submit to the screening and accordingly, your name has been

3

removed from further consideration for employment with the Postal Service.

The letter further advised that Tan could write to the Personnel Office if he believed that the decision was erroneous.

Tan and his sister wrote the Postal Service's Human Resources Manager. They explained the sequence of events at the interview and reasserted Tan's slow mental capacity. The Human Resources Manager found no compelling reason to overturn the decision made by the Personnel Services unit on the grounds that Tan's actions were improper and contrary to the "clear and unambiguous" urinalysis screening instructions that had been provided.

Tan sought informal Equal Employment Opportunity counseling with the Postal Service in May of 1993 and filed a formal complaint alleging discrimination based on sex and on mental disability. The EEO Agency dismissed Tan's complaint for untimely counselor contact. And the EEOC affirmed the Agency's decision that Tan failed to present adequate justification for waiting until May 10, 1993, to contact an EEO counselor.

On May 10, 1994, Tan filed his action in United States District Court. Both Tan and his sister testified at trial. On cross-examination, Tan admitted that at no time during the application process on February 11, 1993, did he advise the Postal Service that he possessed a mental disability.

The Postal Service moved for judgement pursuant to Fed. R. Civ. P. 52(b). The district court dismissed the discrimination claims because Tan failed to establish a prima facie case of discrimination based upon either his sex or his mental disability. On the issue of Tan's alleged mental disability, the district court found that the Postal Service had no reason to know that Tan was mentally disabled. The district court opined:

> [I]t is clear to the Court from the application, and through documents submitted by [Tan] on his employment application process, that [Tan] demonstrated cognitive ability to

4

read and respond to questions, and the Court finds as a fact that the Postmaster General had no knowledge of any alleged disability at the time of the alleged discrimination on the 11th of February of 1993.

This appeal followed.

II.

Tan urges that we reverse and remand his case for trial on its merits because he believes the district court clearly erred by finding as a matter of fact that the Postal Service had no knowledge of Tan's disability. We will not disturb the district court's findings of fact unless clearly erroneous. Fed. R. Civ. P. 52(a); <u>Carter v. Ball</u>, 33 F.3d 450, 457 (4th Cir. 1994). The purpose of the Rehabilitation Act of 1973 (the "Act"), 29 U.S.C. §§ 701 <u>et seq.</u>, is to promote and expand employment opportunities in the public and private sectors for disabled individuals. The Act prohibits discrimination on the basis of mental and physical disabilities. 29 U.S.C. § 701. It requires employers to reasonably accommodate the <u>known</u> physical or mental limitations of a qualified disabled applicant or employee, unless the agency can demonstrate that the accommodation would impose an undue hardship on the operation of its program. 29 C.F.R.§ 1614.203(c). To establish a <u>prima facie</u> claim of disability discrimination under the Act, Tan must demonstrate that he has a disability; that he is otherwise qualified for the position; and that his application was disqualified because of his disability. 29 C.F.R. § 1613.702 (1994); <u>see also</u> <u>School Bd. of Nassau County v. Arline</u>, 480 U.S. 273 (1987); <u>Huber v. Howard County Md</u>, 849 F. Supp. 407, 411 (D. Md. 1994) (citing <u>Walders v. Garrett</u>, 765 F. Supp. 303, 308 (E.D. Va. 1991), <u>aff'd</u>, 956 F.2d 1163 (4th Cir. 1992)). The critical requirement is that the employer knew of the disability at the time of the alleged discrimination. <u>Williams v. Casey</u>, 691 F. Supp. 760, 767 (S.D.N.Y. 1988).

In the instant case, the district court found that Tan failed to present evidence that he was in fact disqualified because of his alleged disability. To prove that he was disqualified because of a disability, Tan had to show that his potential employer knew of his disability at the time he was disqualified from employment, <u>not</u> that his potential employer should have known of his disability. An employer must

5

know about the existing specific disability before it can be liable for failing to accommodate the disabled person's needs. 29 C.F.R. § 1614.203 (c). Unless the Postal Service knew of Tan's alleged disability, there can be no cause of action. Tan, himself, testified at trial that at no time during the application process did he advise the Postal Service that he possessed a mental disability. Nonetheless, Tan asserts that his sister's statements to the Senior Personnel Specialist were made contemporaneously with his disqualification, therefore, placing the Postal Service on notice of his alleged disability. The evidence of record demonstrates, however, that Tan is indulging in a revisionist's accounting of events. Tan falsified his employment application and the personnel office disqualified him before his sister indicated that "he was slow." Furthermore, we are hardpressed to equate a statement of one's being slow with an affirmative statement that one possesses a disability. We, therefore, reject Tan's "contemporaneous" notice argument. A finding of discrimination cannot be predicated on information the employer did not possess when it made its decision. Treadwell v. Alexander, 707 F.2d 473, 477 (11th Cir. 1983).

The district court's finding that the Postal Service was not on notice of Tan's alleged disability when it disqualified him for falsifying his application, was not clearly erroneous. Hence, we affirm the district court's dismissal of Tan's case.

III.

For the foregoing reasons, the decision of the district court is

AFFIRMED.

6